IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARNISHA NICOLE SMITH,<br><br>*Plaintiff*,<br><br>v.<br><br>HUTCHINSON KIA and M. FOREST HUTCHINSON,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:19-cv-00088-TES |

ORDER DISMISSING COMPLAINT FOR LACK
OF SUBJECT-MATTER JURISDICTION

The Court previously ordered Plaintiff to show cause as to why this case should not be dismissed for lack of subject-matter jurisdiction. *See* [Doc. 3]. Plaintiff has now supplemented her complaint to concede that she intended to sue Hutchinson Automotive, Inc. since there is no business entity that goes by the name of "Hutchinson Kia." [Doc. 4, p. 1]. Plaintiff also concedes that Hutchinson Automotive, Inc. is incorporated in Georgia and has its principal place of business in Georgia. [*Id.*]. Therefore, even if the Court were to allow Plaintiff to substitute Hutchinson Automotive, Inc. for Defendant Hutchinson Kia, the Court would be obligated to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction because there would not be complete diversity of citizenship between Plaintiff and Defendants. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every

plaintiff must be diverse from every defendant."); 28 U.S.C. § 1332(c)(1) (A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Because the Court finds that there is not complete diversity between the parties in this action, it must **DISMISS** the case **without prejudice** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**SO ORDERED**, this 12th day of April, 2019.

<u>s/Tilman E. Self, III</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**